DECISION AND JUDGMENT ENTRY
This is an appeal from: (1) a conviction following a guilty plea from appellant, Timothy L. Patrick, to a charge of sexual battery, a violation of R.C. 2907.03(A)(1), and (2) a five year prison sentence imposed by the Sandusky County Court of Common Pleas on appellant on August 14, 2000. Appellant's appointed counsel has filed a brief accompanied by a motion to withdraw as counsel pursuant to the procedure announced in Anders v.California (1967), 386 U.S. 738, 744. In Anders v. California, id. at 744, the United States Supreme Court stated:
 "[I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court-not counsel-then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." Id. at 744.
Appellant's counsel has complied with the first three requirements outlined by the United States Supreme Court in _Anders. Appellant did not file any further arguments in this court. Accordingly, this court must now proceed to the fourth step and conduct a full examination of the case to determine whether this case is wholly frivolous.
The one potential assignment of error raised by appointed counsel is:
"WHETHER APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF TRIAL COUNSEL."
Before we address the one potential assignment of error, we will first review the facts and procedure in this case.
The record shows that a criminal complaint was filed in the Bellview Municipal Court on March 9, 2000, alleging that appellant committed rape, a violation of R.C. 2907.02(2). A warrant was issued for appellant's arrest, and he was taken into custody on March 9, 2000. Appellant was arraigned on March 10, 2000, where he entered a not guilty plea and received appointed counsel. Bail was set at $40,000.
Subsequently an indictment was filed in the Sandusky County Court of Common Pleas on March 31, 2000, charging appellant with rape, a violation of R.C. 2907.02(A)(2). The indictment specified that the victim was a female minor.
Appellant again entered a not guilty plea. Appellant's counsel filed motions for discovery and for a bill of particulars.
On May 30, 2000, a letter from appellant to the trial judge asking for different trial counsel was filed in the record. On the same date, the trial court filed a judgment entry in which it quoted from the transcript of the hearing the trial court held on appellant's request for new trial counsel. In the transcript, in response to questions from the court, appellant said that he had changed his mind, that he was satisfied with the representation he received and that he wanted to keep the attorney who had been assigned to represent him.
On June 6, 2000, a written guilty plea signed by appellant, and witnessed by his counsel, the prosecutor and the court reporter was filed in the record. The record also includes a transcript of appellant orally entering his guilty plea to the court. The charge to which appellant pleaded guilty was not rape, but a reduced charge of sexual battery, a violation of R.C. 2907.03(A)(1).
The transcript of his plea shows that appellant admitted that he committed the offense of sexual battery. In response to questions, he admitted that the victim might not have been fully aware or able to appreciate all that was happening because of some limitations she has and admitted that he inserted some part of his body into the victim's "sexual opening."
The trial court accepted the guilty plea after carefully informing appellant of all of his rights and of the potential sentences that could be imposed upon conviction, as required by Crim.R. 11, and after making a determination that appellant was knowingly, voluntarily and intelligently waiving his rights and entering the guilty plea. The trial court then ordered a presentence investigation.
On June 14, 2000, the trial court ordered the Sandusky County Sheriff to transport appellant to the Court Diagnostic Treatment Center for evaluation on June 20, 2000. On August 14, 2000, the court filed a judgment entry containing its order that appellant be classified as a sexually oriented offender. The court noted that both parties were given advance notice of the sexual offender classification hearing, and that the state had presented evidence from the evaluation of appellant at the Court Diagnostic Treatment Center to show that appellant should be classified as a sexually oriented offender. The court said appellant made no objection to the classification of sexually oriented offender because it was the least restrictive classification that can be assigned.
The August 14, 2000 judgment entry also contained the prison sentence the court imposed upon appellant. The court recounted all the factors it took into consideration before it imposed its sentence upon appellant.
First, the court noted that appellant's counsel had made arguments on his behalf, and that the court invited appellant to speak on his own behalf for mitigation. Next, the court noted that it considered the record, oral statements, the victim impact statement, and the presentence report prepared by the Adult Probation Department of the court, as well as the factors set forth in R.C. 2929.12 and in R.C. 2929.13.
The court then noted that: (1) the victim was fifteen years old, (2) the crime was a sexually oriented offense, (3) appellant has a criminal history that includes a violent offense of assault, (4) appellant used a threat of violence against the victim if she told what happened after he had committed the offense, (5) there were allegations that appellant committed a similar offense in Florida, (6) another investigation was done in Sandusky County for a similar offense, and (7) appellant shows little remorse. Based upon the recounted factors, the court then made specific findings that appellant is not amenable to community control and that he poses the greatest likelihood of committing future crimes. The court then ordered that appellant serve five years in prison.
We now consider the one potential assignment of error raised by appellant's appointed counsel. In regard to ineffective assistance of counsel claims, the Supreme Court of Ohio has ruled:
 "Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v. Washington [1984], 466 U.S. 668, followed.)" State v. Bradley (1989), 42 Ohio St.3d 136, 137, paragraph two of the syllabus.
Appellant's appointed appellate counsel states that in his view trial counsel did not meet either part of the test for ineffective assistance of counsel because trial counsel filed appropriate motions, successfully negotiated a plea bargain that reduced the charge against appellant, and made adequate arguments on appellant's behalf for mitigation at the time of sentencing.
This court is unable to reach a definitive conclusion on these arguments at this time because the record presented to this court did not include the presentence investigation report relied upon by the trial court. Therefore, this court is not able to determine that trial counsel made all the appropriate arguments for mitigation at the time of sentencing. Furthermore, after following the procedure outlined inAnders v. California, 386 U.S. at 744, requiring this court to independently review the record for any legal issues that are arguable on appeal, this court found the following.
Appellant was convicted and sentenced in this case for committing sexual battery which is a third degree felony. R.C. 2907.03. 2929.14(A)(3), provides: "For a felony of the third degree, the prison term shall be one, two, three, four or five years." Therefore, when the trial court sentenced appellant to five years in prison, it gave him the maximum sentence for his crime. R.C. 2953.08 lists the grounds for appeal of a sentence, and provides, in pertinent part:
 "(A) In addition to any other right to appeal and except as provided in division (D) of this section, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds:
 "(1) The sentence consisted of or included the maximum prison term allowed for the
 offense by division (A) of section 2929.14 of the Revised Code, the sentence was not
 imposed pursuant to division (D)(3)(b) of section 2429.14 of the Revised Code, the maximum prison term was not required for the offense pursuant to Chapter 2925. or any other provision of the Revised Code, and the court imposed the sentence under one of the following circumstances:
"(a) The sentence was imposed for only one offense."
Our review of the record shows that appellant was given the maximum sentence for his crime, and that he was sentenced for only one offense. Pursuant to the above quoted statutory provisions, therefore, appellant has an appeal of right regarding his sentence.
We therefore find that an arguable issue exists regarding the maximum sentence imposed upon appellant for his crime. We further find that this case is not wholly frivolous.
Since an Anders brief is not a substitute for an appellate brief argued on the merits, McCoy v. Court of Appeals of Wisconsin, District 1
(1988), 486 U.S. 429, 439, and since we have found that an arguable issue does exist for appeal, we must proceed to the next step and "appoint counsel to pursue the appeal and direct that counsel to prepare an advocates's brief ***" before we can proceed to decide the merits. Id. at 444, see also Penson v. Ohio (1988), 488 U.S. 75, 85.
Accordingly, we grant the motion to withdraw filed by Richard Heyman and appoint Dan Weiss, P.O. Box 1012, Perrysburg, Ohio, 43552, to prepare an appellate brief for appellant, discussing the arguable issue already identified by this court in this decision and any further arguable issues which may be found in the record. Because R.C. 2953.08(F)(1) provides:
 "(F) On the appeal of a sentence under this section, the record to be reviewed shall include all of the following, as applicable:
 "(1) Any presentence, psychiatric, or other investigative report that was submitted to the court in writing before the sentence was imposed. An appellate court that reviews a presentence investigation report prepared pursuant to section 2947.06 or 2951.03 of the Revised Code or Criminal Rule in connection with the appeal of a sentence under this section shall comply with division (D)(3) of section 2951.03 of the Revised Cod when the appellate court is not using the presentence investigation report, and the appellate court's use of a presentence investigation report of that nature in connection with the appeal of a sentence under this section does not affect the otherwise confidential character of the contents of that report as described in division (D)(1) of section 2951.03 of the Revised Code and does not cause that report to become a public record, as defined in section 149.43 of the Revised Code, following the appellate court's use of the report * * *."
This court has already issued a separate order that the record in this case be supplemented with the presentence investigation report by May 16, 2001. Appellant's brief is to be filed within thirty days of the date of this decision. Appellee's answer brief is to be filed within twenty days after service of appellant's brief.
 _____________________ HANDWORK, J., Judge
 Melvin L. Resnick, J., CONCUR.